**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JERRY THACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-00616-SEB-TAB |
| | ) | |
| LEVEL 3 COMMUNICATIONS, INC., | ) | |
| And all those in active concert, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Proceed *In Forma Pauperis*,
Discussing Complaint and Pending Motions, and Directing Dismissal of Action**

Plaintiff Jerry Thacker brings this action against Level 3 Communications, Inc., ("Level 3") and "all those in active concert." Thacker alleges that Level 3 violated the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM" Act), 15 U.S.C. § 7701 *et seq.*, by sending him unsolicited "junk" email, causing "root-kits" to be placed into his computer. He also alleges that his First Amendment right to freedom of association has been violated, and that the defendants have committed trespass, assault, fraud and deceit, and caused severe and extreme emotional distress.

**I.**

Thacker's request to proceed *in forma pauperis* [2] is **granted.**

**II.**

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to "dismiss [an in forma pauperis] case at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). In addition, a claim may be dismissed under the above standard if it includes particulars that show the plaintiff cannot possibly be entitled to the relief it seeks. *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994).

It is evident that the complaint must be dismissed for failure to state a claim upon which relief can be granted. The circumstances compelling this disposition are the following:

- The CAN-SPAM Act can only be enforced by certain federal agencies and other designated persons. It does not provide a cause of action for private citizens. 15 U.S.C. § 7706; see *Martin v. CCH, Inc.*, 2011 WL 1118492 at *3 (N.D.Ill. March 24, 2011)(no cause of action for private citizens under CAN-SPAM Act); *RJ Production Co. v. Nestle USA, Inc*, 2010 WL 1506914 (D.D.C. April 15, 2010) (pro se plaintiff lacked standing to enforce CAN-SPAM because only a provider of Internet access service can bring private cause of action). Thacker lacks standing to assert this claim.

- Thacker's First Amendment claim fails to state a claim upon which relief can be granted because the "First Amendment only protects a person from the government, or a particular state actor, not from private citizens." *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 709 (7th Cir. 2010). Thacker does not allege that Level 3 is a state actor.

- The claims against unnamed "all those in active concert" are dismissed because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Having dismissed all of the federal claims, the court declines to exercise supplemental jurisdiction over any state law claim.

For the reasons explained above, the complaint fails to survive the screening required by §1915 because it fails to contain a legally viable claim against the defendants. Dismissal of the action is therefore mandatory. Thacker's motion to appoint counsel [7] and motion for preliminary injunction [8] are each **denied** as moot. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/01/2011

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana